MATTER OF NODAHL

In Deportation Proceedings

A-12615416

*Decided by Board July 28, 1967*

Conviction of the offense of inflicting upon a child corporal injury resulting in a traumatic condition in violation of section 273(d) of the California Penal Code is conviction of a crime involving moral turpitude.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of crime involving moral turpitude within five years after entry, to wit, child beating.

ON BEHALF OF RESPONDENT:
Howard R. Harris, Esquire
1019 National Avenue
National City, Calif. 92050
(Brief filed)

ON BEHALF OF SERVICE:
Sam I. Feldman
Trial Attorney
(Brief filed)

The respondent, a native and citizen of Mexico, appeals from an order entered by the special inquiry officer on May 18, 1967 which directs her deportation to Mexico on the charge that within five years after her entry, she was convicted of a crime involving moral turpitude, to wit, child beating, in violation of section 273(d) of the California Penal Code. Exceptions have been taken to the finding that the crime defined by section 273(d) of the California Penal Code involves moral turpitude.

The respondent is a female married alien, 35 years of age, who was admitted to the United States for permanent residence on June 14, 1961 at the port of San Ysidro, California. She was convicted in the Superior Court of the State of California on April 15, 1965 for the offense of inflicting corporal injury upon a child, in violation of section 273(d) of the California Penal Code. She was sentenced to confinement in the California Institution for Women for a term of not more than two years as provided by the statute.

It is conceded by counsel that the respondent was convicted of the offense defined by section 273(d) of the California Penal Code. Section 273(d) reads in pertinent part as follows:

... any person who wilfully inflicts upon any child any cruel or inhuman corporal punishment or injury resulting in a traumatic condition is guilty of a felony . . .

Counsel argues that section 273(d) of the California Penal Code does not necessarily involve moral turpitude. Counsel maintains that the conduct of a person convicted of a violation of section 273(d) could be the result of a quickness of temper or a weakness of character and not be accompanied by a vicious and corrupted mind.

The information filed against the respondent on February 24, 1965 reads in part as follows:

Between the 25th day of December 1964, and the 7th day of January 1965 (the respondent) . . . did wilfully, unlawfully and feloniously make an assault and inflict a corporal injury upon Oscar Nodahl, then and there a minor child under the age of 21 years, to wit, of the age of 9 years, and that the said assault did result in a traumatic injury to the said Oscar Nodahl, a human being.

Moral turpitude refers to conduct which is inherently base, vile or depraved and contrary to accepted rules of morality. The term "child," as used in section 273(d) (*supra*) includes children of tender years, who by reason of their physical immaturity are helpless against the cruelty of their parents. The California statute by its very terms defines an assault upon a child which is "cruel or inhuman corporal punishment or injury" which results in a "traumatic condition." A traumatic condition has been defined as a wound or other abnormal bodily condition resulting from the application of some external force. *People* v. *Stewart*, 188 C.A. 2, 88, 10 C.R. 217.

We conclude on the basis of the foregoing that section 273(d) of the California Penal Code defines an act of baseness, vileness, or depravity contrary to the accepted mores of society. We affirm the order entered by the special inquiry officer and will dismiss the appeal.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.